# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN C. VINCENT, | ) | 2:05-CV-0865-RCJ-LRL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter coming before the Court on Defendant's Motion for Summary Judgment (#10).  The Court has considered the Motion, the pleadings on file, and oral argument on behalf of all parties.  IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#10) is *granted*.

## BACKGROUND

On January 5, 2006, Plaintiff John C. Vincent filed the Complaint (#4) in this case, in which Plaintiff asks the Court to set aside the determination of the Internal Revenue Service ("IRS") that Plaintiff was liable for frivolous tax return penalties under 26 U.S.C. § 6330. The penalties in question resulted from Plaintiff's federal income tax returns for the years 1989–1992, 1994, and 1996–2002.  Plaintiff entered zeroes on all the lines of the returns which reflected income or tax due to the government. Plaintiff attached statements to the returns setting forth arguments as to why he did not believe that the federal income tax laws applied to him.

The IRS assessed a $500.00 frivolous return penalty against Plaintiff for each of the years at issue and provided him with notice of his right to a Collection Due Process Hearing. Plaintiff filed a timely request for a Collection Due Process hearing.  Because plaintiff raised only frivolous arguments, no face-to-face hearing was held. In correspondence with the IRS, Plaintiff raised a variety of meritless, frivolous arguments but raised no relevant issues and offered no collection alternatives as required by statute.

On June 23, 2005, the IRS sent Plaintiff, by certified mail, a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 ("Notice of Determination") for the frivolous return penalties. The Notice of Determination informed Plaintiff that the proposed levy to collect the frivolous return penalties would not be restricted. An attachment to the Notice of Determination outlined the reasons for the IRS's decision. As the attachment explained, the IRS officer determined that the IRS complied with all applicable laws, regulations, and administrative procedures in levying penalties against Plaintiff.  The officer further found that Plaintiff's allegations concerning the liabilities were frivolous.  Plaintiff subsequently filed his Complaint (#4), apparently seeking to overturn the IRS's decision.

Defendant now moves the Court for summary judgment in its favor.  Plaintiff did not oppose Defendant's Motion in writing.

**DISCUSSION**

There are two principal issues before the Court in conjunction with Defendant's current Motion for Summary Judgment (#10).  First, the Court must determine whether Plaintiff has raised a genuine issue of material fact as to whether the IRS's collection due

process determination was erroneous, either procedurally or substantively.  Second, the Court

must determine whether Plaintiff has raised a triable issue of fact regarding the

appropriateness of the frivolous return penalties levied by the IRS against Plaintiff.

## I.   Summary Judgment Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no

dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of

Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary

judgment when the evidence on record establishes that there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56©);

*Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Where reasonable minds could differ

on the material facts at issue, summary judgment is not appropriate. *Warren v. City of

Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the burden of informing the court of the basis for its motion,

together with evidence demonstrating the absence of any genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its

burden, the party opposing the motion may not rest upon the mere allegations or denials of

his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

*Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248 (1986).

## II.   Statutory Basis for Collection Due Process Hearing

In 1998, Congress enacted 26 U.S.C. § 6330 as part of the IRS Restructuring and

Reform Act of 1998, Pub. L. No. 105-206. The statute provides that, prior to the issuance of

an administrative tax levy, the IRS must give a taxpayer notice of an opportunity for a

Collection Due Process Hearing before the IRS Office of Appeals. 26 U.S.C. §6330(a), (b). Pursuant to 26 U.S.C. §6330(a)(2) and (a)(3)(B), a taxpayer must request a Collection Due Process Hearing within 30 days of the date notice is given regarding his right to that hearing. As set forth above, Plaintiff received notice of the IRS's proposed levy, along with notice of the right to a Collection Due Process Hearing, and made a written demand for the hearing.

Section 6330(c)(2)(A) describes the matters that may properly be raised by a taxpayer at a Collection Due Process Hearing. These matters include spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. *See Goza v. Commissioner*, 114 T.C. 176, 180 (2000).

After the Collection Due Process Hearing, the taxpayer may appeal the IRS's determination to an appropriate court. See 26 U.S.C. § 6330(d). When the validity of the tax liability was properly at issue in the appeals hearing, the court conducts a *de novo* review of the amount of the tax liability. *See Goza*, 114 T.C. at 180.

## III.   Plaintiff's Arguments

### A.   Collection Due Process Hearing

Plaintiff claims that the IRS's collection due process determination was erroneous because the IRS appeals officer relied solely on IRS records, including Forms 4340 (Certificates of Assessments and Payments) in determining the adequacy of the administrative proceedings.  This argument is without legal merit.  The United States Tax Court has repeatedly recognized that IRS Forms 4340 are a sufficient basis for determining the adequacy of administrative procedures in making an assessment.  *See, e.g., Davis v. Commissioner*, 115 T.C. 35, 40 (2000); *see also Huff v. United States*, 10 F.3d 1440, 1445

(9th Cir. 1993) (recognizing that Forms 4340 constitute presumptive proof of a valid assessment).  In this case, the record demonstrates that the IRS appeals officer relied on Forms 4340 to determine that the assessment was proper and that the appropriate administrative procedures were met.  Therefore, there is no triable issue of fact as to whether the IRS erred in its collection due process determination.

**B.     Frivolous Return Penalty**

Plaintiff also asserts that the return penalties levied against him were inappropriate because his federal income tax returns were not frivolous.  Under 26 U.S.C. § 6702, a frivolous return penalty is appropriate whenever two conditions are met. First, a taxpayer must file what purports to be a return, but which does not contain information on which the substantial correctness of the taxpayer's self-assessment may be judged, or which contains information that on its face indicates that the self-assessment is substantially incorrect.  *See* 26 U.S.C. § 6702.  Second, the filing must be based on a frivolous argument, or a desire to delay or impede the administration of federal income tax laws.  *Id.*

In this case, Plaintiff filed federal income tax returns indicating that he received no taxable income, although he admitted that he received wages.  Plaintiff also attached a statement to his tax returns in which he set forth his argument for why his wages did not constitute "income," and why the federal income tax laws were inapplicable to him.  The Ninth Circuit has rejected the "wages are not income" argument as frivolous. *See, e.g., Olsen v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985); *see also Rodriguez v. Commissioner*, T.C. Memo. 2003-105; *Rodriguez v. Commissioner*, T.C. Memo. 2005-12.  Plaintiff's income tax returns, along with the accompanying statements, establish that Plaintiff's tax self-

assessment was substantially incorrect and that his false returns were based on a frivolous attempt to argue that the federal tax laws did not apply to his wages. Accordingly, Plaintiff cannot show a genuine issue of material fact for trial as to whether he was subject to the IRS's frivolous return penalties. *See* 26 U.S.C. § 6702

**IV.   Local Rule 7-2(d)**

In addition, Plaintiff did not file a timely written response to Defendant's Motion for Summary Judgment (#10). According to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Therefore, summary judgment is appropriate on these grounds as well.

**CONCLUSION**

Therefore, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#10) is *granted*.

DATED: July 19, 2006.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE